**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York (State)

Case number (*If known*): ____________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name** — Kumtor Gold Company CSJC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN) — ____ – ________

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business c/o Stikeman Elliott LLP, 5300 Commerce Court |
|---|---|
| 24 Ibraimova Street, 720001 (Number Street) | 199 Bay Street (Number Street) |
| | P.O. TBox |
| Bishkek (City State ZIP Code) | Toronto Ontario, Canada M5L 1B9 (City State ZIP Code) |
| Kyrgyz Republic (County) | **Location of principal assets, if different from principal place of business** |
| | (Number Street) |
| | Kyrgyz Republic (City State ZIP Code) |

5. **Debtor's website** (URL) — www.kumtor.kg/en/

Debtor Kumtor Gold Company CSJC
Name

Case number (*if known*)

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: ____________________

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2122

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☑ Chapter 11. *Check **all** that apply*:

- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor Kumtor Gold Company CSJC
Name

Case number (if known) ____________

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No
☐ Yes. District ____________ When ____________ (MM / DD / YYYY) Case number ____________
District ____________ When ____________ (MM / DD / YYYY) Case number ____________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☑ Yes. Debtor Kumtor Operating Company CSJC Relationship Affiliate
District S.D.N.Y When ____________ (MM / DD / YYYY)
Case number, if known ____________

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? ____________

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ____________

**Where is the property?** ____________
Number Street
____________
City ____________ State ____ ZIP Code ____

**Is the property insured?**

☐ No
☐ Yes. Insurance agency ____________
Contact name ____________
Phone ____________

## Statistical and administrative information

Debtor Kumtor Gold Company CSJC
Name

Case number (if known)

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors***

| | | |
|---|---|---|
| ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets***

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities***

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 05 /31/2021
MM / DD / YYYY

✘ /s/ Daniel Richard Desjardins
Signature of authorized representative of debtor

Daniel Richard Desjardins
Printed name

Title Authorized Representative

*Estimates provided on a consolidated basis for all debtors.

Debtor Kumtor Gold Company CSJC
Name

Case number (*if known*)

**18. Signature of attorney**

✘ /s/ James L. Bromley
Signature of attorney for debtor

Date 05 /31/2021
MM / DD / YYYY

James L. Bromley
Printed name

Sullivan & Cromwell LLP
Firm name

125 Broad Street
Number Street

New York NY 10004
City State ZIP Code

212-558-4000
Contact phone

bromleyj@sullcrom.com
Email address

2333912 NY
Bar number State






**WRITTEN RESOLUTIONS**
**Extraordinary Shareholders' Meeting**
**Kumtor Gold Company CJSC**
**(the "Company" or "KGC")**
May 31, 2021

**I. Voluntary Petitions and Chapter 11 Case**

WHEREAS, Centerra Gold Inc. is the sole shareholder of the Kumtor Gold Company CJSC (the "**Company**" or "**KGC**");

WHEREAS, according to Part 8 of Article 42 of the Law of the Kyrgyz Republic 'On Joint Stock Companies', the requirements for notification of shareholders, preparation for the general meeting of shareholders, determining the quorum, voting and vote count at the general meeting of shareholders shall not apply to a company with one shareholder, which may adopt written resolutions;

WHEREAS, according to Section 2.2 of the Restated Investment Agreement, dated June 6, 2009, among the Government of the Kyrgyz Republic on behalf of the Kyrgyz Republic, Centerra Gold Inc., KGC, and Kumtor Operating Company CJSC, only shareholders of KGC shall be entitled to any voting or other rights in respect of KGC corporate matters;

WHEREAS, the shareholder has received, reviewed, and discussed the recommendations of members of the Board of KGC and KGC's legal advisors as to the relative risks and benefits of the strategic alternatives available to KGC, including a restructuring proceeding (the "**Chapter 11 Case**") under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and has discussed forms or descriptions of the key "first day" and "second day" filings that would be proposed to be made by KGC in connection with the Chapter 11 Case (the "**Initial Filings**");

WHEREAS, after review and discussion and due consideration of all of the information presented to the shareholder, the shareholder deems it advisable and in the best interests of KGC, its shareholder, creditors,

**ПИСЬМЕННЫЕ РЕШЕНИЯ**
**Внеочередного Собрания Акционеров**
**ЗАО «Кумтор Голд Компани»**
**(далее «Компания» или «КГК»)**
31 Мая, 2021

**I. Добровольная петиция и Дело по Параграфу 11**

ПОСКОЛЬКУ, компания «Центерра Голд Инк.» является единственным акционером ЗАО «Кумтор Голд Компани» («**Компания**» или «**КГК**»);

ПОСКОЛЬКУ, в соответствии с Частью 8 Статьи 42 Закона Кыргызской Республики «об Акционерных Обществах» требования об уведомлении акционеров, подготовке к общему собранию акционеров, определению кворума, голосованию и подсчету голосов на общем собрании акционеров не должны применяться к компании с одним акционером, который может принимать письменные резолюции.

ПОСКОЛЬКУ, в соответствии со Статьей 2.2 Пересмотренного Инвестиционного Соглашения, заключенного 6 июня 2009 года между Правительством Кыргызской Республики от имени Кыргызской Республики, «Центерра Голд Инк.», КГК и ЗАО «Кумтор Оперейтинг Компани», только акционеры КГК имеют исключительное право голоса и любые иные права в отношении принятия решений по корпоративным вопросам КГК.

ПОСКОЛЬКУ, акционер получил, рассмотрел и обсудил рекомендации членов Совета Директоров КГК и юридических консультантов КГК в отношении относительных рисков и выгоды от стратегических альтернатив доступных КГК, включая процедуру реструктуризации («**Дело по Параграфу 11**») в соответствии с положениями Параграфа 11 Заглавия 11 Кодекса Соединенных Штатов Америки, 11 U.S.C. §§ 101 и след. («**Кодекс о Банкротстве**»), и обсудил формы или описания ключевых заявлений «первого дня» и «второго дня», которые были бы предложены для предоставления в рамках Дела по Параграфу 11 («**Первоначальные Заявления**»); и

ПОСКОЛЬКУ, после анализа и обсуждения и должного рассмотрения всей предоставленной акционеру информации акционер считает целесообразным и в лучших интересах КГК, его

  

stakeholders and other interested parties, for KGC to commence the Chapter 11 Case by filing a voluntary petition for relief under the provisions of the Bankruptcy Code (the "**Petition**"); and

WHEREAS, the shareholder deems it advisable and in the best interests of KGC, its shareholder, creditors, stakeholders and other interested parties for KGC to make the Initial Filings.

NOW, THEREFORE, THE FOLLOWING RESOLUTIONS ARE ADOPTED:

1. In the judgment of the shareholder, it is desirable and in the best interests of KGC, its shareholder, creditors, stakeholders and other interested parties that the Petitions and the Initial Filings be filed by KGC in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**");

2. KGC is authorized, directed and empowered (i) to file the Petition and the Initial Filings and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing;

3. Daniel R. Desjardins, Darren Millman and Dennis Kwong (each, a "**Designated Person**" and collectively, the "**Designated Persons**") acting alone, is hereby authorized, directed and empowered, on behalf of and in the name of KGC to execute and verify the Petition and the Initial Filings as well as all other ancillary documents and to cause the Petition and the Initial Filings to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to the Petition, the Initial Filings, or any ancillary documents, and to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents, agreements, deeds, letters, instruments or certificates necessary or desirable in connection with any of the foregoing;

акционера, кредиторов, причастных лиц и других заинтересованных сторон, для КГК начать Дело по Параграфу 11, сделав заявление о добровольной петиции о помощи в соответствии с положениями Кодекса о Банкротстве («**Петиция**»); и

ПОСКОЛЬКУ, акционер считает целесообразным и в лучших интересах КГК, его акционера, кредиторов, причастных лиц и других заинтересованных сторон для КГК совершить Первоначальные Заявления.

СЕЙЧАС, СЛЕДОВАТЕЛЬНО, СЛЕДУЮЩИЕ РЕЗОЛЮЦИИ ПРИНЯТЫ:

1. По мнению акционера желательно и в лучших интересах КГК, его акционера, кредиторов, причастных лиц и других заинтересованных сторон, чтобы Петиции и Первоначальные Заявления были переданы КГК на рассмотрение в Суд по Банкротству Соединенных Штатов Америки Южного Округа Нью-Йорка («**Суд по Банкротству**»):

2. КГК имеет разрешение и предписание и обладает полномочиями (i) направить Петицию и Первоначальные Заявления в Суд по Банкротству и (ii) совершить любые и все действия, которые являются обоснованными, желательными, целесообразными, удобными, должными и необходимыми для осуществления вышесказанного;

3. Даниел Р. Десджардинс, Даррен Миллман и Деннис Квонг (каждый, «**Уполномоченное Лицо**» и вместе, «**Уполномоченные Лица**»), действуя в одиночку, имеет разрешение и предписание и обладает полномочиями от лица и имени КГК подписать и подтвердить Петицию и Изначальные Заявления, а также все иные сопутствующие документы, и содействовать подаче Петиции и Изначальных Заявлений на рассмотрение Суда по Банкротству, и вносить изменения или содействовать внесению изменений в Петицию, Изначальные Заявления и любые сопутствующие документы до их подписания, и подписывать, подтверждать и отправлять или содействовать отправлению на рассмотрение всех петиций, приложений, списков, ходатайств, заявлений и иных соглашений и документов, договоров, актов, писем, юридических инструментов или сертификатов необходимых или желательных в отношении любого из вышесказанного;

4. The law firm of Sullivan & Cromwell LLP ("**S&C**") is hereby authorized, empowered and directed to represent KGC as its general restructuring counsel in connection with the Chapter 11 Case, to represent and assist KGC in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance KGC's rights, including the preparation of pleadings and filings in the Chapter 11 Case; and in connection therewith, the Designated Persons, acting alone or in any combination, are hereby, authorized, directed and empowered, on behalf of and in the name of KGC to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of S&C;

4. Юридическая фирма Sullivan & Cromwell LLP ("**S&C**") обладает разрешением, полномочиями и предписанием представлять интересы КГК в качестве его основного консультанта по реструктуризации в отношении Дела по Параграфу 11, представлять интересы и помогать КГК с выполнением его обязательств в соответствии с Кодексом о Банкротстве и совершать любые и все действия для защиты прав КГК, включая подготовку судебных прений и заявлений в Деле по Параграфу 11; а также в связи с этим Уполномоченные Лица, действуя в одиночку или сообща, имеют разрешение и предписание и обладают полномочиями от лица и имени КГК для подписания уместных соглашений об оказании юридических услуг, оплаты соответствующих сумм по этим соглашениям до и сразу после подачи заявления по Делу по Параграфу 11, и содействию подаче на рассмотрение соответствующего ходатайства о полномочиях для получения услуг S&C.

5. The law firm of Stikeman Elliot LLP ("**Stikeman**") is hereby authorized, empowered and directed to represent KGC as restructuring co-counsel with respect to Canadian law matters, in connection with the Chapter 11 Case, to represent and assist KGC in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance KGC's rights, including the preparation of pleadings and filings in the Chapter 11 Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of KGC to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Stikeman;

5. Юридическая фирма Stikeman Elliot LLP ("**Stikeman**") обладает разрешением, полномочиями и предписанием представлять интересы КГК в качестве со-консультанта по реструктуризации по аспектам канадского права в отношении Дела по Параграфу 11, представлять интересы и помогать КГК с выполнением его обязательств в соответствии с Кодексом о Банкротстве и совершать любые и все действия для защиты прав КГК, включая подготовку судебных прений и заявлений в Деле по Параграфу 11; а также в связи с этим Уполномоченные Лица, действуя в одиночку или сообща, имеют разрешение и предписание и обладают полномочиями от лица и имени КГК для подписания уместных соглашений об оказании юридических услуг, оплаты соответствующих сумм по этим соглашениям до и сразу после подачи заявления по Делу по Параграфу 11, и содействию подаче на рассмотрение соответствующего ходатайства о полномочиях для получения услуг Stikeman.

6. The Designated Persons, acting alone or in any combination, are hereby, authorized, directed and empowered, on behalf of and in the name of KGC to engage such other counsel, financial advisor, restructuring advisor or other advisors and agents as may be necessary or desirable to represent KGC in connection with the Chapter 11 Case, and execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and

6. Уполномоченные Лица, действуя в одиночку или сообща, имеют разрешение и предписание и обладают полномочиями от лица и имени КГК нанимать иных юридических консультантов, финансового консультанта, консультанта по реструктуризации и иных необходимых или желаемых консультантов и агентов для представления интересов КГК в отношении Дела по Параграфу 11, и подписывать уместные

to cause to be filed an appropriate application for authority to retain such counsel, advisors and agents as necessary; and

соглашения об оказании услуг, оплачивать соответствующие суммы по этим соглашениям до и сразу после подачи заявления по Делу по Параграфу 11, и содействовать подаче на рассмотрение соответствующего ходатайства о полномочиях для получения услуг от таких консультантов и агентов по мере необходимости; и

7. KGC hereby constitutes and appoints Daniel R. Desjardins, Darren Millman and Dennis Kwong as KGC's true and lawful attorneys in fact and agents, in each case with full power of substitution and resubstitution, with full power and authority in the name, place and stead of KGC to execute, swear to, acknowledge, deliver and file in the Chapter 11 Case, any schedules, lists, motions, applications and other papers or documents that KGC or any such officer or manager of KGC deems necessary or appropriate to enable KGC to carry out the intent and to accomplish the purposes of the foregoing resolutions, provided that KGC shall at all times have the unrestricted right to unilaterally revoke these appointments and the powers provided hereunder.

7. КГК устанавливает и назначает Даниела Р. Десджардинса, Даррена Миллмана и Денниса Квонга действительными и законными доверенными лицами и агентами, в каждом случае, с полным правом замены и перемены, с полным правом и полномочиями от лица и имени КГК подписывать, давать присягу, подтверждать, предоставлять и направлять на рассмотрение в инстанции по Делу по Параграфу 11 любые приложения, списки, ходатайства, заявления и иные соглашения и документы, которые КГК посчитает нужными или уместными для того, чтобы КГК имел возможность осуществить намерение и достичь целей вышеупомянутых резолюций при условии, что КГК всегда сохраняет необремененное право в одностороннем порядке отменить эти назначения и права, данные настоящим документом.

## II. DIP Financing

WHEREAS, the shareholder, in contemplation of the Chapter 11 Case, is considering for KGC to enter into a Debtor-In-Possession financing, the proceeds of which would be used to pay fees and expenses in connection with the Chapter 11 Case and other general corporate purposes of KGC to the extent permitted by the terms of such financing, which may be secured by a security interest in substantially all of the assets of KGC (such financing, a "**DIP Financing**");

WHEREAS, the shareholder has determined that KGC will derive substantial direct and indirect benefits from the extension of credit under a DIP Financing; and

WHEREAS, in the judgment of the shareholder, it is desirable and in the best interests of KGC that KGC solicit and negotiate a DIP Financing.

NOW, THEREFORE, THE FOLLOWING RESOLUTION IS ADOPTED:

## II. ДВВ Финансирование

ПОСКОЛЬКУ акционер в преддверии Дела по Параграфу 11 рассматривает получение КГК финансирования Должника-Во-Владении, средства от которого будут использованы для оплаты услуг и затрат в отношении Дела по Параграфу 11 и иных общих корпоративных целей КГК в допустимых пределах положений такого финансирования, которое может быть обеспечено почти всеми активами КГК (такое финансирование, «**ДВВ Финансирование**»);

ПОСКОЛЬКУ, акционер определил, что КГК получит значительную прямую и косвенную пользу от получения кредита в рамках ДВВ Финансирования; и

ПОСКОЛЬКУ, по мнению акционера, желательно и в лучших интересах КГК является ходатайство о получении и проведение переговоров КГК в отношении ДВВ Финансирования.

СЕЙЧАС, СЛЕДОВАТЕЛЬНО, СЛЕДУЮЩАЯ РЕЗОЛЮЦИЯ ПРИНЯТА:

1. In the judgment of the shareholder, it is desirable and in the best interests of KGC, and necessary to carry out the business and affairs of KGC, for KGC to solicit and negotiate a DIP Financing, the final form of which shall be subject to further approval.

1. По мнению акционера желательно и в лучших интересах КГК, и необходимо для производства и деятельности КГК, чтобы КГК ходатайствовал о получении и проводил переговоры для получения ДВВ Финансирования, окончательная форма которого будет принята при условии дополнительного одобрения.

**III. General Authorizations**

**III. Общие Полномочия**

THE FOLLOWING RESOLUTIONS ARE ADOPTED:

СЛЕДУЮЩИЕ РЕЗОЛЮЦИИ ПРИНЯТЫ:

1. Daniel R. Desjardins, Darren Millman and Dennis Kwong are hereby authorized to take all such actions and to execute, deliver and file all such certificates, instruments and documents as they or any of them may consider necessary or appropriate to enable KGC to carry out the intent and purpose of the foregoing resolutions hereby adopted; and

1. Даниел Р. Десджардинс, Даррен Миллман и Деннис Квонг уполномочены совершать все действия и подписывать, предоставлять и направлять на рассмотрение в инстанции все сертификаты, юридические инструменты и документы, которые они или один из них посчитает необходимыми и уместными, чтобы дать возможность КГК выполнить намерение и цель вышеуказанных резолюций, принятых этим документом; и

2. Any and all actions heretofore taken, and any and all things heretofore done, by any officer, director, agent or counsel of KGC in connection with, or with respect to, the matters referred to in the foregoing resolutions be, and hereby are, approved, adopted, ratified and confirmed as authorized and valid acts taken on behalf of KGC.

2. Любые и все действия, совершенные до настоящего момента, и любые и все дела, совершенные до настоящего момента любым должностным лицом, директором, агентом или консультантом КГК в отношении вопросов, упомянутых в вышеуказанных резолюциях, настоящим документом одобрены, приняты, ратифицированы и подтверждены как одобренные и правомерные действия, совершенные от лица КГК.

________________________________
Скотт Перри, Представитель акционера /
Scott Perry, Representative of the Shareholder

**Fill in this information to identify the case and this filing:**

Debtor Name Kumtor Gold Company CSJC

United States Bankruptcy Court for the: Southern District of NY (State)

Case number (*If known*): ____________________

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 05/31/2021
MM / DD / YYYY

✘ /s/ Daniel Richard Desjardins
Signature of individual signing on behalf of debtor

Daniel Richard Desjardins
Printed name

Authorized Representative
Position or relationship to debtor

## Consolidated List of 30 Largest Unsecured Creditors (Excluding Insiders)

Pursuant to Local Rule 1007-2(a)(4), to the best of the Debtors' knowledge and belief, the following table sets forth the information of each of the holders of the Debtors' 30 largest unsecured claims on a consolidated basis, excluding claims of insiders. The Debtors do not currently have access to their internal financial systems following the seizure of their operations on May 15, 2021. This table therefore reflects unsecured creditors with the largest outstanding claims as of such date, which outstanding amounts likely have changed and are undetermined as of the Petition Date.

| # | Name of creditor and complete mailing address | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank, loan, professional services) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| 1. | Machinery Intertrade Limited<br><br>Alliance House 12 Caxton Street London, Great Britain | Bulent Atar<br>batar@borusan.com<br>Mobile number: +7 701 951 9869 | Trade Debts | | Undetermined |
| 2. | CENTRAL TREASURY OF THE MINISTRY OF FINANCE OF KYRGYZ REPUBLIC<br><br>Erkindik boulevard 58, 720040, Bishkek, Kyrgyzstan | Public reception:<br><br>e-mail: minfin@minfin.kg<br>Tel: +996 (312) 66-12-27 ext.3812 | Gross Proceeds Tax | | Undetermined[1] |
| 3. | IP Consult (International) Ltd<br><br>Portland House, Glacis Road, GX11 1AA, Gibraltar | Stephane Kieffer<br>s.kieffer@ciseg.eu<br>+33 620 61 01 54 | Trade Debts | | Undetermined |
| 4. | Vzryvprom Technology Ltd.<br><br>BLD 34, KARBYSHEVA STR, KOSTANAY, KAZAKHSTAN | ROMANENKO ALEXANDER<br>romanenko_a72@mail.ru<br>+7 778 742 97 97 | Trade Debts | | Undetermined |
| 5. | YSYK-KOL Resource Ltd<br><br>32 Janetov St., Tilekmat V, Jeti-Oguz Region, Issyk-Kul Obl, Kyrgyz Republic | Askhad K. Seitkaziev<br>ASKHAD.SEITKAZIEV76@MAIL.RU<br>+7 705008334 | Trade Debts | | Undetermined |

[1] Amounts subject to set-off for amounts owed to Debtors pursuant to Restated Investment Agreement, dated as of June 6, 2009.

| # | Name of creditor and complete mailing address | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank, loan, professional services) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| 6. | Sandvik Mining and Construction<br><br>KAZAKHSTAN, ALMATY, 42 TIMIRYAZEV STREET, EXHIBITION HALL NO. 10, BLOCK C. 7 FLOOR | VOROZHTSOV<br>Bunakova@sandvik.com<br>+7 727 292 70 61 | Trade Debts | | Undetermined |
| 7. | Eurasian Machinery LLP<br><br>KAZAKHSTAN, ALMATY CITY, N. NAZARBAEV AVENUE, 277/66 | KASSENOV B.<br>+7 701 208 14 91<br><br>Kemal Cetinelli<br>kcetinelli@eurasiancm.com<br><br>Sergey GREKHOV<br>+7 701 2284822<br>s.grekhov@eurasiancm.com | Trade Debts | | Undetermined |
| 8. | Maxam Kazakhstan LLP<br><br>40, 4th Floor, Republic Avenue, Karaganda, Republic of Kazakhtstan. | Alexey Chernov<br>(+7) 701 705 61 64<br>chernov@maxam.net<br><br>Aliya Makhmutova<br>amakhmutova@maxam.net<br>(+7) 721 2320458 | Trade Debts | | Undetermined |
| 9. | Drilling Company Stalker Ltd<br><br>2 Cholpon-Atinskaya St., Bishkek, Kyrgyz Republic | Norvin V.V.<br>+996 555771548<br>prospecting_ltd@mail.ru | Trade Debts | | Undetermined |
| 10. | Liebherr Export AG – Spare Parts<br><br>GENERAL-GUISANSTRASSE 14, NUSSBAUMEN AG, SWITZERLAND | Steiner Sandra<br>Sandra.Steiner@liebherr.com<br>+41 56 2961111 | Trade Debts | | Undetermined |
| 11. | Agrostroy PT LLC<br><br>ROOM #10A, 43 ZHILUNOVICH STREET, MINSK, BELARUS | ANDREY BEKRENEV<br>agrostroy@tut.by<br>+37 517 2072036 | Trade Debts | | Undetermined |
| 12. | CENTRAL TREASURY OF THE MINISTRY OF | Public reception:<br><br>e-mail: minfin@minfin.kg | Issyk-Jul Development Fund | | Undetermined[2] |

2 Amounts subject to set-off for amounts owed to Debtors pursuant to Restated Investment Agreement, dated as of June 6, 2009.

| # | Name of creditor and complete mailing address | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank, loan, professional services) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| | FINANCE OF KYRGYZ REPUBLIC<br><br>Erkindik boulevard 58, 720040, Bishkek, Kyrgyzstan | Tel: +996 (312) 66-12-27 ext.3812 | | | |
| 13. | Rimex Supply Ltd.<br><br>9726 186TH STREET, SURREY BC, CANADA | ZAHRA NERVAL<br>zahra.nerval@rimex.com<br>+1 604 8880025 | Trade Debts | | Undetermined |
| 14. | Cummins LLC<br><br>KLYAZMA, 1G, KHIMKI MOSCOW REGION, RUSSIA | ANDREI STEPANOV<br>mc864@cummins.com<br>+7 495 9268624 | Trade Debts | | Undetermined |
| 15. | SDL UGO Ltd.<br><br>184 AHUNBAEVA ST., APT 413, BISHKEK, KYRGYZ REPUBLIC | B.CHUKIN<br><br>+996 550 344424 | Trade Debts | | Undetermined |
| 16. | Stewart Assay and Environmental<br><br>2 KALININA ST., KARA-BALTA, JAYYL REG., CHUY OBL, KYRGYZ REPUBLIC | SALAMAT IMANAKUNOV, LABORATORY<br>stewart-karabalta@ktnet.kg<br>+ 996 3133 61925 | Trade Debts | | Undetermined |
| 17. | Maptek Ltd.<br><br>3 DARNAWAY STREET, EDINBURGH, UNITED KINGDOM | Stephen Cowley<br>accounts@maptek.com<br>+44 13 12258447 | Trade Debts | | Undetermined |
| 18. | Usubaliev Kylychbek<br><br>V Verh-Atbashi, Stroitelnaya 3, Kyrgyz Republic | Usubaliev Kylychbek Sadygalievic<br>+996 550970128<br>chpusubaliev@mail.ru | Trade Debts | | Undetermined |
| 19. | Goldenman Petroleum Equipment Co.<br><br>RM 712, Wandaguoji Park, No 67 Fuquan str. Dongying, China | Edilbek Esenbekov<br>015@goldenman.cn<br>+86 15601626937 | Trade Debts | | Undetermined |

| # | Name of creditor and complete mailing address | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank, loan, professional services) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| 20. | Specpricep Company LLC<br><br>PROEZD MELIORATOROV, HOUSE 38, TVER CITY, RUSSIAN FEDERATION | VOLKOVA NATALIA<br>tvercompania@specpricep.ru<br>+74822744503 | Trade Debts | | Undetermined |
| 21. | Algol DV LLC Euro<br><br>2ND AMBULATORNIY PASSWAY, 10, 2ND FLOOR, UNIT 207, MOSCOW, Russian Federation | Ivan Loboiko<br>loboiko.i@tsc.su<br>+79858586432 | Trade Debts | | Undetermined |
| 22. | Transityre BV Michelin Export FA Eikdong 5 PO Box 6578, 4802 HN Breda, Netherlands | Isma Bouhaddouf<br>isma.bouhaddouf@michelin.co m<br>+33473304087<br><br>Boivka Vitaliy<br>+7 968 534 27 87<br>vitaly.boivka@michelin.com | Trade Debts | | Undetermined |
| 23. | SPC Vulcan Inc<br><br>17 Akademika Artsimovicha str., rm IV, office 10, Moscow, Russian Federation | Oleg Razinkov<br>info@vulcan-inc.ru<br>+7 (495) 585-9733 | Trade Debts | | Undetermined |
| 24. | GTH Tehnodom Germaniya LLP<br><br>ROZYBAKIEVA STREET 125/1 AP 4, ALMATY, KAZAKHSTAN | v.prokopenko@outlook.com | Trade Debts | | Undetermined |
| 25. | Kemira OYJ<br><br>PORKKALANKAT U 3, PO BOX 330, HELSINKI, FINLAND . | TUOMO KESKINEN<br>tuomo.keskinen@kemira.com<br>+358 10 86 11 | Trade Debts | | Undetermined |
| 26. | Esco Belgium S.A.<br><br>ZONING INDUSTRIAL, RUE DES FOURS A CHAUX, FRAMERIES BELGIUM | SVETLANA TITOVA<br>Svetlana.Titova@escocorp.com<br>+32 65 611563 | Trade Debts | | Undetermined |

| # | Name of creditor and complete mailing address | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank, loan, professional services) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| 27. | Epiroc Central Asia LLP<br><br>14, Iliyas Zhansugiruly, Astana, Kazakhstan | Roman Uteshev<br>roman.uteshev@epiroc.com<br>+77770086195 | Trade Debts | | Undetermined |
| 28. | Sanatori Avrora UD PKR<br><br>S.BULAN-SORGOTTU, ISSYK-KUL REG,. ISSYK-KUL OBL, KYRGYZ REPUBLIC | AKIBAEV A.A. | Trade Debts | | Undetermined |
| 29. | Sanatorium Kyrgyzskoe Vzmorye<br><br>CHOLPON-ATA, BOSTERI , KYRGYZ REPUBLIC | NAMAZOVA ALIYA KADYRBEKOVNA<br><br>+996 77081-18-89 | Trade Debts | | Undetermined |
| 30. | R.C. Moffatt Supply Limited<br><br>725 MACKENZIE AVE, EAST<br>PO BOX 13, ATIKOKAN ONT P0T 1C0, CANADA | Emily Kingston<br>salesdm@moffattsupply.com<br>+1 780 4351921 | Trade Debts | | Undetermined |

James L. Bromley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Kumtor Gold Company CSJC and Kumtor Operating Company CSJC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. __-_______ (___)<br><br>(Joint Administration Pending) |

**CORPORATE OWNERSHIP STATEMENT AND**
**LIST OF EQUITY SECURITY HOLDERS**

Pursuant to rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Kumtor Gold Company CSJC respectfully represents that 100% of Kumtor Gold Company CSJC is owned by Centerra Gold Inc., 1 University Avenue, Suite 1500, Toronto, Ontario, M5J 2P1.

[1] The Debtors’ corporate headquarters is located at 24 Ibraimova Street, 720001, Bishkek, the Kyrgyz Republic.