James L. Bromley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Kumtor Gold Company CJSC,<br><br>Debtor.<br><br>Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 21-11051 (LGB) |
| In re<br><br>Kumtor Operating Company CJSC,<br><br>Debtor.<br><br>Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 21-11052 (LGB) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) WAIVING REQUIREMENTS OF SECTION 342(c)(1) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1005 AND 2002(n)**

Kumtor Gold Company CJSC and Kumtor Operating Company CJSC (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy

Code") and rules 1005, 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) directing the joint administration of the Debtors' chapter 11 cases (the "Chapter 11 Cases") and the consolidation thereof for procedural purposes only and (b) granting related relief. The facts and circumstances supporting this Motion are set forth in the concurrently filed *Declaration of Daniel Desjardins in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"). In further support of the Motion, the Debtors respectfully state as follows:

## **Background**

1. Each of the Debtors is a Closed Joint Stock Company founded in accordance with the laws of the Kyrgyz Republic, with their headquarters located in Bishkek, Kyrgyz Republic. The principal business of the Debtors is to operate and develop the Kumtor gold mine.

2. On May 31, 2021, each of the Debtors filed with the Court a voluntary petition for restructuring relief under the Bankruptcy Code. Each Debtor is a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases.

3. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in detail in the First Day Declaration.

## **Jurisdiction**

4. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the

relief requested herein are sections 105(a) and 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005, 1015(b) and 2002(n).

**Relief Requested**

5. By this Motion, the Debtors request entry of the Order, (a) directing joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only and (b) granting related relief.

6. Specifically, the Debtors respectfully request that the Court maintain one file and one docket for these Chapter 11 Cases under the case of Kumtor Gold Company CJSC and that these Chapter 11 Cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| Kumtor Gold Company CJSC and Kumtor Operating Company CJSC,[1] | : | Case No. 21-11051 (LGB) |
| | : | Jointly Administered |
| Debtors. | : | |

[1] The Debtors' corporate headquarters is located at 24 Ibraimova Street, 720001, Bishkek, the Kyrgyz Republic.

7. The Debtors further request that the Court order that the foregoing caption and footnote satisfy the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n).

8. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket in the case of Kumtor Operating Company CJSC to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in this case in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and

joint administration of the chapter 11 cases of Kumtor Gold Company CJSC, Case No. 21-11051 (LGB), and Kumtor Operating Company CJSC, Case No. 21-11052 (LGB). The docket in the chapter 11 case of Kumtor Gold Company CJSC, Case No. 21-11051 (LGB), should be consulted for all matters affecting this case.

9. The Debtors also seek authority to file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that tracks and breaks out disbursements on a debtor-by-debtor basis in each monthly operating report.

**Basis for Relief**

10. Bankruptcy Rule 1015(b) provides that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Kumtor Gold Company CJSC and Kumtor Operating Company CJSC are Debtors in these Chapter 11 Cases, and they are "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Thus, joint administration of the Debtors' Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and, accordingly, this Court has the authority to grant the relief requested herein.

11. Joint administration of these Chapter 11 Cases will promote efficiency and will ease the administrative burden on the Court and all parties-in-interest. Because the Debtors' financial affairs and business operations are closely related, many of the motions, hearings and orders in these Chapter 11 Cases will affect both of the Debtors. Joint administration will reduce the volume of paper that otherwise would be filed with the Clerk of the Court, because it will avoid the preparation, replication, service and filing, as applicable, of duplicative notices, applications and orders. Joint administration will therefore render the completion of various

administrative tasks less costly and will minimize the number of unnecessary delays. Joint administration will also simplify supervision of the administrative aspects of these Chapter 11 Cases by the U.S. Trustee.

12. Further, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a). Joint administration of these Chapter 11 Cases will not prejudice or adversely impact the rights of the Debtors' creditors because the relief sought is purely procedural and is not intended to affect substantive rights. Each creditor may still file a claim against individual estates, as applicable. Moreover, all creditors will benefit from the reduced costs that will result from the joint administration of these Chapter 11 Cases.

13. For these reasons, the Debtors submit that joint administration is in the best interest of the estates and will reduce administrative burdens on the Court and all parties-in-interest, and therefore should be granted. Joint administration of interrelated chapter 11 cases is routinely approved by courts in this jurisdiction. *See, e.g.*, *Garrett Motion Inc.*, 20-12212 (MEW) (Sep. 21, 2020), D.I. 27 (approving joint administration and permitting debtors to file their monthly operating reports by consolidating the information in one report that tracks and breaks out all of the specific information on a debtor-by-debtor basis); *In re LSC Communications, Inc.*, 20-10950 (SHL) (Apr. 15, 2020), D.I. 33 (same); *In re Fairway Grp. Holdings Corp.*, 20-10161 (JLG) (Jan. 27, 2020), D.I. 68 (same); *In re Deluxe Entm't Servs. Grp. Inc.*, 19-23774 (RDD) (Oct. 11, 2019), D.I. 3 (same); *In re Stearns Holdings, LLC*, 19-12226 (SCC) (July 10, 2019), D.I. 3 (same).

**Notice**

14. No creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the parties identified on the Debtors' consolidated list of 30 largest unsecured creditors; and (c) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**No Prior Request**

15. No prior motion for the relief requested herein has been made to this or any other Court.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: June 4, 2021
New York, New York

*/s/ James L. Bromley*
James L. Bromley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: bromleyj@sullcrom.com

*Proposed Counsel to the Debtors*

# EXHIBIT A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Kumtor Gold Company CJSC,<br><br>Debtor.<br><br>Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 21-11051 (LGB) |
| In re<br><br>Kumtor Operating Company CJSC,<br><br>Debtor.<br><br>Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 21-11052 (LGB) |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) WAIVING REQUIREMENTS OF SECTION 342(c)(1) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1005 AND 2002(n)**

Upon the motion (the "Motion")[1] of Kumtor Gold Company CJSC and Kumtor Operating Company CJSC (collectively, the "Debtors"), for entry of an order (this "Order"), (a) directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only and (b) granting related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided

[1] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

in accordance with the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. These Chapter 11 Cases shall be jointly administered pursuant to Bankruptcy Rule 1015(b) and consolidated for procedural purposes only.

3. The Clerk of the Court shall maintain one file and one docket for these Chapter 11 Cases, which file and docket shall be the file and docket for the Chapter 11 Case of Kumtor Gold Company CJSC, Case No. 21-11051 (LGB).

4. All pleadings filed in these Chapter 11 Cases shall bear a consolidated caption in the following form:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re<br><br>Kumtor Gold Company CJSC and Kumtor Operating Company CJSC,[1]<br><br>Debtors. | x<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x | Chapter 11<br><br>Case No. 21-11051 (LGB)<br><br>Jointly Administered |

[1] The Debtors' corporate headquarters is located at 24 Ibraimova Street, 720001, Bishkek, the Kyrgyz Republic.

5. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n).

6. The Clerk of the Court shall make a docket entry in the case of Kumtor Operating Company CJSC to reflect the joint administration of these Chapter 11 Cases, substantially as follows:

> An Order has been entered in this case in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Kumtor Gold Company CJSC, Case No. 21-11051 (LGB), and Kumtor Operating Company CJSC, Case No. 21-11052 (LGB). The docket in the chapter 11 case of Kumtor Gold Company CJSC, Case No. 21-11051 (LGB), should be consulted for all matters affecting this case.

7. One consolidated docket, one file and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these Chapter 11 Cases.

8. The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees,* issued by the U.S. Trustee, by consolidating the information required for each debtor in one report that tracks and breaks out all of the disbursements on a debtor-by-debtor basis in each monthly operating report.

9. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases.

10. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

11. The requirements set forth in Local Rule 9013-1(b) are satisfied.

12. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____________, 2021
New York, New York

_______________________________________
The Honorable Lisa G. Beckerman
United States Bankruptcy Judge