**Hearing Date:  July 15, 2021 at 10:00 a.m. ET**
**Objection Deadline:  July 8, 2021 at 4:00 p.m. ET**

James L. Bromley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————— x

In re                          :       Chapter 11

Kumtor Gold Company CJSC and Kumtor Operating     :       Case No. 21-11051 (LGB)
Company CJSC,[1]                         :

                   :       Jointly Administered

                     Debtors.    :

———————————————————————— x

### NOTICE OF DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SULLIVAN & CROMWELL LLP AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

       **PLEASE TAKE NOTICE** that on the date hereof, Kumtor Gold Company CJSC

and Kumtor Operating Company CJSC (collectively, the "Debtors"), filed the *Debtors'*

*Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell*

*LLP as Counsel to the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date.*

       **PLEASE TAKE FURTHER NOTICE** that the undersigned counsel will present

the Application to the Honorable Lisa G. Beckerman, United States Bankruptcy Court for the

Southern District of New York (the "Court") at a hearing to be held on **July 15, 2021 at 10:00**

**a.m. (Eastern Time)** (the "Hearing").

---

[1]    The Debtors' corporate headquarters is located at 24 Ibraimova Street, 720001, Bishkek, the Kyrgyz Republic.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "Objections") to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and shall be filed with the Court in accordance with the customary practices of the Court and General Order M-399.  Objections must be filed and received no later than **July 8, 2021 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline") and must be served on the following parties:  (a) proposed counsel to the Debtors, Sullivan & Cromwell LLP; (b) the Office of the United States Trustee for the Southern District of New York; (c) the parties identified on the Debtors' consolidated list of 30 largest unsecured creditors; and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that only those Objections that are timely filed, served and received will be considered at the Hearing.  Failure to file a timely Objection may result in the entry of an order granting the relief requested in the Application without further notice.  Failure to attend the Hearing in person or by counsel may result in relief being granted or denied upon default.  In the event that no Objection to the Application is timely filed and served, the relief requested in the Application may be granted without a hearing before the Court.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application may be obtained from the Court's website, https://ecf.nysb.uscourts.gov, for a nominal fee, or obtained free of charge by accessing the website of the Debtors' claims and noticing agent, Bankruptcy Management Solutions, Inc. d/b/a Stretto, at https://cases.stretto.com/kumtorgold.

-2-

Dated:  June 24, 2021                    */s/ James L. Bromley*
        New York, NY              James L. Bromley
                                  SULLIVAN & CROMWELL LLP
                                  125 Broad Street
                                  New York, NY  10004
                                  Telephone:    (212) 558-4000
                                  Facsimile:    (212) 558-3588
                                  E-mail:        bromleyj@sullcrom.com

                                  *Proposed Counsel to the Debtors*

4818-4412-9517 v.4

**Hearing Date:  July 15, 2021 at 10:00 a.m. ET**
**Objection Deadline:  July 8, 2021 at 4:00 p.m. ET**

James L. Bromley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ————————————————————— x | |
| In re | Chapter 11 |
| | |
| Kumtor Gold Company CJSC and Kumtor Operating Company CJSC,[1] | Case No. 21-11051 (LGB) |
| | Jointly Administered |
| Debtors. | |
| ————————————————————— x | |

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE**
**RETENTION AND EMPLOYMENT OF SULLIVAN & CROMWELL LLP**
**AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION**
***NUNC PRO TUNC* TO THE PETITION DATE**

Kumtor Gold Company CJSC and Kumtor Operating Company CJSC

(collectively, the "Debtors") hereby submit this application (this "Application") for entry of an

order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections

327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the

"Bankruptcy Code"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and rule 2014-1 of the Local Bankruptcy Rules for the Southern District of

New York (the "Local Bankruptcy Rules"), authorizing the retention and employment of

Sullivan & Cromwell LLP ("S&C") as counsel to the Debtors *nunc pro tunc* to the Petition Date

(as defined below).  In support of this Application, the Debtors rely upon the *Declaration of*

---

[1]    The Debtors' corporate headquarters is located at 24 Ibraimova Street, 720001, Bishkek, the Kyrgyz Republic.

*Daniel Desjardins in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [D.I. 9] and the *Supplemental Declaration of Daniel Desjardins in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [D.I. 26] (together, the "<u>First Day Declarations</u>"), the Declaration of Daniel Desjardins attached hereto as <u>Exhibit B</u> (the "<u>Desjardins Declaration</u>") and the Declaration of James L. Bromley attached hereto as <u>Exhibit C</u> (the "<u>Bromley Declaration</u>"), each of which is incorporated herein by reference, and respectfully state as follows:

### **Background**

1.      Each of the Debtors is a Closed Joint Stock Company founded in accordance with the laws of the Kyrgyz Republic, with their headquarters located in Bishkek, Kyrgyz Republic.  The principal business of the Debtors is to operate and develop the Kumtor gold mine.

2.      On May 31, 2021 (the "<u>Petition Date</u>"), each of the Debtors filed with the Court a voluntary petition for relief under the Bankruptcy Code.  On June 4, 2021, each Debtor filed an amended voluntary petition.  Each Debtor is a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No creditors' committee, trustee or examiner has been appointed in the Debtors' chapter 11 cases.  Joint administration of these chapter 11 cases was authorized by the Court by entry of an order on June 8, 2021 [D.I. 16].

3.      Additional factual background relating to the Debtors' businesses and the commencement of these chapter 11 cases is set forth in detail in the First Day Declarations.

### **Jurisdiction**

4.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the

4818-4412-9517 v.4

relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule

2014 and Local Bankrutpcy Rule 2014-1.

**Relief Requested**

**I.      S&C's Qualifications**

5.      By this Application, the Debtors seek the authority to employ and retain

S&C as their attorneys in connection with the prosecution of their chapter 11 cases to perform

legal services as set forth herein.

6.      S&C has represented the Debtors and its affiliates since the mid-1990s in

connection with project development, financing and dispute resolution matters, including the

Debtors' agreements with the government of the Krygyz Republic (the "<u>Krygyz Government</u>")

and related parties and instrumentalities under the Krygyz Government's control and direction,

and, more recently, in connection with the commencement and prosecution of these chapter 11

cases.  During the course of this representation, S&C has become familiar with the Debtors'

business, financial affairs and capital structure.  As a result, S&C has the necessary background

information to deal effectively with many of the potential legal issues and problems that may

arise in these chapter 11 cases.

7.      These cases are likely to be complex and will require counsel with a

national and international reputation and with extensive experience and specialized expertise in,

among other areas, bankruptcy law, finance, mining project development, corporate law and

litigation.  S&C is a full service law firm with a national and international presence.  S&C has

experience and expertise in most substantive areas of legal practice and its clients include leading

public companies in a variety of industries, smaller and privately held businesses, major

international corporations and individuals.

-3-

8.      For the foregoing reasons, the Debtors believe that S&C is well qualified to represent them as debtors-in-possession in these chapter 11 cases, and that the retention of S&C is necessary and in the best interests of the Debtors and their estates and stakeholders.

## II.     Services to Be Provided

9.      S&C will work closely with such other professionals as may be retained by the Debtors, including Young Conaway Stargatt & Taylor, LLP as co-counsel, taking appropriate steps to reduce costs by assigning tasks to co-counsel as appropriate and to avoid duplication of effort.  Specifically, the Debtors have requested that S&C render services including, but not limited to, the following:

   a.    advising the Debtors with respect to their powers and duties as debtors and debtors-in-possession, including the legal and administrative requirements of operating in chapter 11;

   b.    attending meetings and negotiating with representatives of creditors and other parties-in-interest;

   c.    assisting with the preservation of the Debtors' estates, including the prosecution of actions commenced under the Bankruptcy Code or otherwise on their behalf, and objections to claims filed against the estates;

   d.    preparing and prosecuting on behalf of the Debtors all motions, applications, answers, orders, reports and papers necessary for the administration of the estates;

   e.    negotiating and preparing on the Debtors' behalf chapter 11 plan(s), disclosure statement(s) and all related agreements and/or documents;

   f.    advising the Debtors with respect to certain corporate, financing, tax and employee benefit matters as requested by the Debtors and without duplication of other professionals' services;

   g.    appearing before the Court, and any appellate courts, and protecting the interests of the Debtors' estates before such courts;

   h.    advising the Debtors in connection with the arbitration proceedings against the Krygyz Government and its related parties; and

-4-

        i.      performing all other legal services in connection with these chapter 11 cases as requested by the Debtors and without duplication of other professionals' services.

**III.    Professional Compensation**

10.    S&C has advised the Debtors that it intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges, costs and expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable guidelines and orders of the Court.

11.    As set forth in the Bromley Declaration, S&C does not ordinarily determine its fees solely on the basis of hourly rates.  Instead, S&C ordinarily bases the fee for its services on all the factors prescribed by rule 1.5(a) of the New York Rules of Professional Conduct, including the firm's contribution to the relevant matter, the responsibility assumed, the results achieved, the difficulty and complexity of the matter, the amount involved, the experience of, and demands on, the lawyers involved and the fees customarily charged for such matters. S&C's compensation arrangements are designed to fairly compensate S&C for its services according to these principles, and S&C's fees charged to the Debtors prior to the Petition Date were generally determined in this manner.

12.    Notwithstanding the foregoing, S&C has agreed with the Debtors that, consistent with the above and subject to the Court's approval, it will charge the Debtors for its legal services on an hourly basis in connection with these cases.  S&C's billing rates have been determined with reference to the rates charged by other leading law firms for similar work during chapter 11 cases and will range from $1,425 to $1,825 per hour for partners and special counsel, $685 to $1,225 per hour for associates and $375 to $545 per hour for paralegals.  These rates for the more senior timekeepers in each class represent a discount from the rates currently used by

-5-

S&C when preparing estimates of fees under its normal billing procedures for non-bankruptcy engagements.

13.    Within the the 90 days immediately preceding the Petition Date, on May 28, 2021, the Debtors funded a retainer for S&C to hold as security for payment of its fees and expenses in the amount of $2,499,980.  As of the Petition Date, S&C holds as security for payment of its fees and expenses a retainer in the amount of $1,984,136.72.

14.    Pursuant to Bankruptcy Rule 2016(b), S&C has neither shared nor agreed to share any compensation it has received or may receive with another party or person, other than with partners, counsel, associates and contract attorneys associated with S&C or any compensation another person or party has received or may receive.

15.    The Debtors have agreed to pay S&C for the legal services rendered or to be rendered by their attorneys and other personnel in connection with these chapter 11 cases on the Debtors' behalf.  The Debtors have also agreed to reimburse S&C for its actual and necessary expenses incurred in connection with these chapter 11 cases.  The Debtors will review prospective budgets and staffing plans to be submitted by S&C on a monthly basis during these chapter 11 cases, and will have a full opportunity to review all of S&C's fees and expenses as set forth in the monthly and interim fee applications to be submitted by S&C to the Court.

**IV.    Disinterestedness**

16.    To the best of the Debtors' knowledge, and as detailed in the Bromley Declaration, (i) S&C is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (ii) S&C does not represent any person or entity having an interest adverse to the Debtors in connection with these chapter 11 cases, (iii) S&C does not hold or represent an interest adverse to the Debtors' estates with respect to matters on which S&C is employed and

-6-

(iv) S&C has no connection to the Debtors, their creditors or any other party-in-interest except as disclosed herein and in the Bromley Declaration.

17.    S&C will review its files against any updated Interested Parties List (as defined in the Bromley Declaration) received from the Debtors from time to time during the pendency of these chapter 11 cases pursuant to the procedures described in the Bromley Declaration.  To the extent any new relevant facts or relationships are discovered or arise in the course of such review, S&C will promptly make additional disclosure to the Court as required by Bankruptcy Rule 2014(a).

18.    By this Application, the Debtors request entry of the Order authorizing the Debtors to retain and employ S&C as their counsel in connection with these chapter 11 cases effective *nunc pro tunc* to the Petition Date.

## Basis for Relief

19.    The Debtors seek to retain S&C as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

20.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

-7-

Fed. R. Bankr. P. 2014(a).

21.     Based on the facts and for the reasons stated herein and in the Desjardins
Declaration and the Bromley Declaration, the retention of S&C as counsel to the Debtors
pursuant to this Application is reasonable, necessary, appropriate and satisfies the requirements
of sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014(a).  The Debtors
respectfully submit that the relief requested in this Application will enable the Debtors to
administer their estates during these chapter 11 cases, is in the best interests of the Debtors and
their estates and stakeholders and should be approved by the Court.

22.     Additionally, the Debtors' retention of S&C *nunc pro tunc* to the Petition
Date is appropriate.  S&C has been representing the Debtors in connection with the
commencement and prosecution of these chapter 11 cases.  The Debtors believe that no party-in-
interest will be prejudiced by the granting of the employment *nunc pro tunc* to the Petition Date,
as provided in this Application, because S&C has provided and continues to provide valuable
services to the Debtors' estates.

## Notice

23.     No creditors' committee, trustee, or examiner has been appointed in these
chapter 11 cases.  Notice of this Application has been provided to:  (a) the Office of the United
States Trustee for the Southern District of New York ("U.S. Trustee"); (b) the parties identified
on the Debtors' consolidated list of 30 largest unsecured creditors; and (c) to the extent not listed
herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit
that, in light of the nature of the relief requested, no other or further notice need be provided.

## No Prior Request

24.     No prior application for the relief sought herein has been made to this or
any other court.

-8-

## **Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, and

(b) grant such other and further relief as is just and proper.

Dated:  June 24, 2021                    Respectfully submitted,
            New York, NY

                                        */s/ Daniel Desjardins*
                                        Daniel Desjardins

4818-4412-9517 v.4

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————————— x
                                                      :
In re                                                 :        Chapter 11
                                                      :
                                                      :        Case No. 21-11051 (LGB)
Kumtor Gold Company CJSC and Kumtor Operating         :
Company CJSC,[1]                                      :         Jointly Administered
                                                      :
                                     Debtors.         :
                                                      :
——————————————————————————— x

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SULLIVAN & CROMWELL LLP AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of Kumtor Gold Company CJSC and

Kumtor Operating Company CJSC (collectively, the "Debtors") for entry of an order (this

"Order") pursuant to section 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014

and Local Bankruptcy Rule 2014-1 authorizing the Debtors to retain and employ Sullivan &

Cromwell LLP ("S&C") as their counsel *nunc pro tunc* to the Petition Date; this Court having

jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and venue of

these chapter 11 cases and the Application in this district being proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and

this Court having found that proper and adequate notice of the Application and the relief

requested therein has been provided in accordance with the Bankruptcy Rules and the Local

Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice is

necessary; and objections (if any) to the Application having been withdrawn, resolved or

overruled on the merits; and a hearing having been held to consider the relief requested in the

---

[1]    The Debtors' corporate headquarters is located at 24 Ibraimova Street, 720001, Bishkek, the Kyrgyz Republic.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Application and upon the record of the hearing and all of the proceedings had before this Court;

and upon the consideration of and based on the representations made in the First Day

Declarations, the Declaration of Daniel Desjardins in in support of the Application attached as

Exhibit B thereto and the Declaration of James L. Bromley in support of the Application attached

as Exhibit C thereto; and this Court being satisfied based on the representations made in the

Application and the Bromley Declaration that S&C does not hold or represent any interest

adverse to the Debtors' estates with respect to the matters upon which S&C is to be employed,

that S&C is a disinterested person as that term is defined under section 101(14) of the

Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that S&C's

employment is necessary and is in the best interests of the Debtors and their estates; and after

due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      In accordance with section 327 of the Bankruptcy Code, the Debtors, as

debtors and debtors-in-possession, are hereby authorized to retain and employ S&C as their

counsel on the terms set forth in the Application and the Bromley Declaration, effective *nunc pro*

*tunc* to the Petition Date.

3.      S&C shall use its best efforts to avoid any duplication of services provided

by any of the Debtors' other retained professionals in these chapter 11 cases.

4.      S&C shall be compensated for fees and reimbursed for reasonable and

necessary expenses and will file interim and final fee applications for allowance of its

compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code,

the Bankruptcy Rules, the Local Bankruptcy Rules, the Amended Order Establishing Procedures

for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 (General Order M-447), and any orders entered in these chapter 11 cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

5.      S&C shall not charge a markup to the Debtors with respect to fees billed by any contract attorneys hired by S&C to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.  For the avoidance of doubt, S&C shall neither share fees with existing or future contract attorneys who provide services to the Debtors nor enter into fee sharing arrangements with such contract attorneys.

6.      Notwithstanding anything to the contrary in the Application, S&C will not seek reimbursement of expenses for office supplies.

7.      Prior to the implementation of any increases in the hourly rates set forth in the Application and the Bromley Declaration, S&C shall file a supplemental declaration with this Court and provide ten business days' notice to the Debtors, the U.S. Trustee and any statutory committee appointed in these chapter 11 cases, which declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to such rate increases.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and this Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

-3-

8.      S&C shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to S&C.

9.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10.     To the extent that this Order is inconsistent with the Application, the terms of this Order shall govern.

11.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Application or the implementation of this Order.

Dated:  July____, 2021
        New York, NY

_____
The Honorable Lisa G. Beckerman
United States Bankruptcy Judge

-4-

## **EXHIBIT B**

**Desjardins Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————— x
                                                        :
In re                                                   :        Chapter 11
                                                        :
                                                        :        Case No. 21-11051 (LGB)
Kumtor Gold Company CJSC and Kumtor Operating           :
Company CJSC,[1]                                         :        Jointly Administered
                                                        :
                            Debtors.                    :
                                                        :
————————————————————— x

### DECLARATION OF DANIEL DESJARDINS IN SUPPORT OF DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SULLIVAN & CROMWELL LLP AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

I, Daniel Desjardins, under penalty of perjury, declare as follows:

1.      I am an authorized representative of the Debtors.  I served as President of each of the Debtors from January 20, 2015 through January 1, 2020, during which time I was based in Bishkek.  I also serve as a Director of each of the Debtors and I have served as a Director since February 1, 2020.  Since January 2020, I have served as Chief Operating Officer of Centerra Gold Inc.

2.      I submit this declaration (this "<u>Declaration</u>") in support of the *Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP* ("<u>S&C</u>") *as Counsel to the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date* (the "<u>Application</u>").[2]  I have reviewed and am familiar with the contents of the Application and the Declaration of James L. Bromley in support of the Application and attached thereto as Exhibit C (the "<u>Bromley Declaration</u>").  Except as otherwise indicated, the facts set

---

[1]     The Debtors' corporate headquarters is located at 24 Ibraimova Street, 720001, Bishkek, the Kyrgyz Republic.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

4818-4412-9517 v.4

forth herein are based upon my personal knowledge, my review of relevant documents,

information provided to me by employees working under my supervision or my opinion based

upon experience with the operation of the Debtors and their industry as a whole.

### Debtors' Selection of Counsel

3.      The Debtors recognize that a comprehensive review process is necessary

when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are

subject to the same client-driven market forces, scrutiny and accountability as professionals in

non-bankruptcy engagements.  The Debtors' decision to retain S&C as their counsel was based

on S&C's representation of the Debtors and its affiliates since the mid-1990s in connection with

project development, financing and dispute resolution matters, including the Debtors'

agreements with the government of the Krygyz Republic (the "Kyrgyz Government") and its

related parties, S&C's recognized experience and knowledge regarding corporate reorganizations

under chapter 11 of the Bankruptcy Code, as well as the extensive expertise of S&C's

transactional, tax and litigation practice in complex matters relating to all aspects of corporate

restructuring.

4.      As a result of S&C's representation of the Debtors before these chapter 11

cases, S&C is familiar with the Debtors' business, financial affairs and capital structure and has

the necessary background information to deal effectively with many of the potential legal issues

and problems that may arise in these chapter 11 cases.  Accordingly, the Debtors have not

interviewed any similar law firms as potential counsel in connection with these chapter 11 cases.

I believe that S&C is both well qualified and uniquely able to represent the Debtors in these

chapter 11 cases in an efficient and effective manner.

-2-

4818-4412-9517 v.4

5.      These cases are likely to be complex and will require counsel with a national and international reputation and with extensive experience and specialized expertise in, among other areas, bankruptcy law, finance, mining project development, corporate law and litigation.  S&C is a full service law firm with a national and international presence.  S&C has experience and expertise in most substantive areas of legal practice and its regular clients include leading public companies in a variety of industries, smaller and privately held businesses, major international corporations and individuals.

### Rate Structure

6.      The Debtors have reviewed, and have discussed with S&C, the proposed rates for S&C's legal services in connection with these chapter 11 cases.  S&C has informed the Debtors that S&C does not ordinarily determine its fees solely on the basis of hourly rates.  For the purposes of its engagement by the Debtors, however, S&C has agreed that it will charge for services performed during these chapter 11 cases on the basis of the hourly rates described in the Application and the Bromley Declaration.

7.      I understand from S&C that these hourly rates are the same or less than the hourly rates used by S&C when preparing estimates of fees under its normal billing practices.  In particular, I understand that the rates have been determined with reference to the rates charged by other leading law firms for similar work during chapter 11 cases and for the more senior timekeepers for each class of personnel represent a discount from the rates used by S&C when preparing estimates of fees under its normal billing practices for non-bankruptcy engagements.

### Cost Supervision

8.      The Debtors also propose to engage Young Conaway Stargatt & Taylor, LLP as co-counsel.  The use of co-counsel with appropriate expertise and rates substantially

-3-

lower than S&C will allow the Debtors to utilize S&C's expertise on those matters where it is appropriate while controlling legal expenses by assigning specific other matters to Young Conaway Stargatt & Taylor, LLP.  The Debtors intend to determine the tasks assigned to Young Conaway Stargatt & Taylor, LLP from time to time in a manner that avoids duplication.

9.      The Debtors have approved S&C's budget and staffing plan for the period from the Petition Date to June 30, 2021, recognizing that in the course of these chapter 11 cases, there may be unforeseen fees and expenses that will need to be addressed by the Debtors and S&C.  The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel and other retained professionals to ensure that the fees and expenses paid by the estate remain consistent with the Debtors' expectations and are appropriate under the circumstances of these chapter 11 cases.

10.     The Debtors will review and make any appropriate adjustments to the prospective budgets and staffing plans to be submitted by S&C on a monthly basis during these chapter 11 cases, and will review S&C's fees and expenses as set forth in the monthly and interim fee applications to be submitted by S&C to the Court in order to ensure that such fees and expenses are reasonable and appropriate under the circumstances.  While every chapter 11 case is unique, I believe this review will enable the Debtors to supervise effectively legal fees and expenses incurred in these chapter 11 cases, including budgeting and staffing of legal personnel with regard to specific matters in these cases.

## Centerra Loan Agreements

11.     As part of their ordinary course operations, KGC is party to (i) a revolving credit loan agreement and promissory note with Centerra Gold Inc. ("Centerra"), dated as of November 25, 2014 (the "Loan Agreement") and (ii) a promisorry note with Centerra, dated as

-4-

of September 15, 2017 (the "Promissory Note" and together with the Loan Agreement, the "Loan Agreements").  Under the Loan Agreements, during the course of the calendar year, monies that are generated through the sale of gold are deposited in the New York Account.  Centerra then borrows money from KGC, which amounts are setoff against dividends declared by KGC in favor of Centerra, its sole shareholder.  As of the Petition Date, the balance of the loan from KGC to Centerra is approximately $85 million.  In accordance with the Loan Agreements, as a result of the illegal Expropriation Event, this amount is held in abeyance.  As a result, there is no amount currently due and owing from Centerra to KGC.

12.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States, that the foregoing statements are true and correct.

Dated:  June 24, 2021                              Respectfully submitted,
        New York, NY

                                                   */s/ Daniel Desjardins*_____
                                                   Daniel Desjardins

-5-

4818-4412-9517 v.4

# **EXHIBIT C**

**Bromley Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————— x

In re                                        :        Chapter 11
                                             :
                                             :        Case No. 21-11051 (LGB)
Kumtor Gold Company CJSC and Kumtor Operating :
Company CJSC,[1]                             :        Jointly Administered
                                             :
                          Debtors.           :
                                             :
——————————————————————— x

## DECLARATION OF JAMES L. BROMLEY IN SUPPORT OF DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SULLIVAN & CROMWELL LLP AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

I, James L. Bromley, under penalty of perjury, declare as follows:

1.      I am admitted to practice law in the State of New York and the Southern

District of New York.  I am a partner of the law firm of Sullivan & Cromwell LLP ("S&C" or

the "Firm"), which maintains an office at 125 Broad Street, New York, NY 10004-2498.  I

submit this declaration (this "Declaration") in support of the *Debtors' Application for an Order*

*Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the*

*Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date* (the "Application").[2]

Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth

herein.

### Services to be Provided

2.      I have been advised by the Debtors that they wish to employ and retain

S&C as their attorneys to assist them in these chapter 11 cases.  The Debtors have requested that

---

[1]     The Debtors' corporate headquarters is located at 24 Ibraimova Street, 720001, Bishkek, the Kyrgyz Republic.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
        Application

S&C render services including, but not limited to, the following:

a.   advising the Debtors with respect to their powers and duties as debtors and debtors-in-possession, including the legal and administrative requirements of operating in chapter 11;

b.   attending meetings and negotiating with representatives of creditors and other parties-in-interest;

c.   assisting with the preservation of the Debtors' estates, including the prosecution of actions commenced under the Bankruptcy Code or otherwise on their behalf, and objections to claims filed against the estates;

d.   preparing and prosecuting on behalf of the Debtors all motions, applications, answers, orders, reports and papers necessary for the administration of the estates;

e.   negotiating and preparing on the Debtors' behalf chapter 11 plan(s), disclosure statement(s) and all related agreements and/or documents;

f.   advising the Debtors with respect to certain corporate, financing, tax and employee benefit matters as requested by the Debtors and without duplication of other professionals' services;

g.   appearing before the Court, and any appellate courts, and protecting the interests of the Debtors' estates before such courts;

h.   advising the Debtors in connection with the arbitration proceedings against the Krygyz Government and its related parties; and

i.   performing all other legal services in connection with these chapter 11 cases as requested by the Debtors and without duplication of other professionals' services.

**Professional Compensation During these Chapter 11 Cases**

3.   S&C does not ordinarily determine its fees solely on the basis of hourly rates.  Instead, S&C ordinarily bases the fee for its services on all the factors prescribed by rule 1.5(a) of the New York Rules of Professional Conduct, including the firm's contribution to the relevant matter, the responsibility assumed, the results achieved, the difficulty and complexity of the matter, the amount involved, the experience of, and demands on, the lawyers involved and

4818-4412-9517 v.4

the fees customarily charged for such matters.  S&C's fees charged to the Debtors prior to the Petition Date were generally determined in this manner.

4.      Notwithstanding the foregoing, S&C has agreed with the Debtors that, subject to the Court's approval, it will charge the Debtors for its legal services on an hourly basis in connection with these cases.  S&C's billing rates have been determined with reference to the rates charged by other leading law firms for similar work during chapter 11 cases and will range from $1,425 to $1,825 per hour for partners and special counsel, $685 to $1,225 per hour for associates and $375 to $545 per hour for paralegals.  These rates for the more senior timekeepers in each class represent a discount from the rates currently used by S&C when preparing estimates of fees under its normal billing procedures for non-bankruptcy engagements.

5.      Within the 90 days immediately preceding the Petition Date, on May 28, 2021, the Debtors funded a retainer for S&C to hold as security for payment of its fees and expenses in the amount of $2,499,980.  As of the Petition Date, S&C holds as security for payment of its fees and expenses a retainer in the amount of $1,984,136.72.

6.      Pursuant to Bankruptcy Rule 2016(b), S&C has neither shared nor agreed to share any compensation it has received or may receive with another party or person, other than with partners, counsel, associates and contract attorneys associated with S&C or any compensation another person or party has received or may receive.

7.      S&C has advised the Debtors that it intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and costs and expenses incurred in these chapter 11 cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and applicable guidelines and orders of the Court.  S&C also intends to make a reasonable effort to comply with

4818-4412-9517 v.4

any requests from the U.S. Trustee for information or additional disclosures as set forth in the

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1,

2013, in connection with this Application and the interim and final fee applications to be filed by

S&C in these chapter 11 cases.

**<u>Procedures to Identify Conflicts; Disinterestedness</u>**

8.      In order to confirm that S&C did not have a prior representation that

precluded its representation of the Debtors, and to identify S&C's connections with the Debtors

and their affiliates,[3] creditors or any other party-in-interest, the Court, the U.S. Trustee or any

person employed by the U.S. Trustee, the following procedures have been performed under my

supervision, consistent with S&C's customary procedures with respect to potential conflicts:

    a.      The list of prepetition interested parties attached hereto as <u>Schedule 1</u> (the "<u>Interested Parties List</u>") was provided to S&C by the Debtors for purposes of preparing the disclosure required by Bankruptcy Rule 2014 in connection with the Application.  S&C has not independently verified the accuracy or completeness of the Interested Parties List.

    b.      With respect to the Debtors, S&C's Conflicts Information Management Department, under the supervision of S&C lawyers involved in representing the Debtors, have performed a search of (i) a master client database maintained by S&C for the purposes of clearing conflicts, which includes the names of current and former clients (the "<u>Client Database</u>") and (ii) a master database of persons and entities with respect to which partners of S&C have made an inquiry at the time of a potential new engagement, which database we use to identify certain types of business conflicts, among other things.  The Client Database was searched with respect to all client matters since January 1, 2018 and the other database was searched with respect to all inquiries in the past three years.  The results of these searches were reviewed by S&C lawyers and any information determined to be appropriate for disclosure pursuant to Bankruptcy Rule 2014 is disclosed herein.

---

[3]      As used in this declaration with respect to the Debtors, the term "affiliates" means those entities indicated as "Affiliated Parties" on <u>Schedule 1</u>.

-4-

c.     S&C's Conflicts Information Management Department, under the supervision of S&C attorneys involved in representing the Debtors, checked the other persons and entities listed on the Interested Parties List as well as the ultimate parent of all listed entities against the Client Database and prepared a list of those persons and entities on the Interested Parties List that are identified in the Client Database as either current clients or clients represented by S&C at any time after January 1, 2018. The list of current and former clients was then reviewed by S&C lawyers, and, after eliminating certain errors and redundancies,[4] a list of entities S&C currently represents ("<u>Current Clients</u>") was included on <u>Schedule 2</u> and a list of clients that are not Current Clients but that S&C has represented since January 1, 2018 ("<u>Former Clients</u>") was included on <u>Schedule 3</u>.

9.     Based solely on the conflicts procedures described herein, (i) S&C is not aware of any conflict between its representation of the Debtors and its representations of its Current Clients or Former Clients that would cause S&C not to be a "disinterested person," (ii) S&C does not represent any person or entity having an interest adverse to the Debtors in connection with these chapter 11 cases; and (iii) S&C does not hold or represent an interest adverse to the Debtors' estates with respect to matters on which S&C is employed.

10.     Based solely on the conflicts procedures conducted to date and described herein, to the best of my knowledge, S&C does not have any connection with the Debtors, their creditors or any other parties-in-interest, their respective attorneys and accountants, the U.S. Trustee or any person employed by the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of New York, except as disclosed or otherwise described herein.

11.     I am able to address only those positions or relationships that appear on the Interested Parties List. It is possible that, undisclosed to the Debtors, S&C clients hold, or

---

[4]    <u>Schedule 2</u> includes parties-in-interest that are either Current Clients or whose ultimate parents are current clients. Parties-in-interest that are Former Clients and whose ultimate parents are Current Clients are listed on <u>Schedule 2</u> and are omitted from <u>Schedule 3</u>.

acquire in the future, loans, bonds or other claims against the Debtors.  In addition,

notwithstanding the foregoing, the entities set forth on the Interested Parties List, and the status

of any such entity, may have changed or could change during the pendency of these chapter 11

cases without S&C's knowledge.  S&C will review its files against any updated Interested

Parties List received from the Debtors from time to time during the pendency of these chapter 11

cases pursuant to the procedures described in this Declaration.  To the extent any new relevant

facts or relationships are discovered or arise in the course of such review, S&C will make

additional disclosure to the Court as required by Bankruptcy Rule 2014(a).

    12.  S&C does not currently employ or intend to employ contract attorneys in

these chapter 11 cases.  To the extent S&C employs contract attorneys, S&C will ensure that any

such contract attorneys are subject to conflicts checks and disclosures in accordance with the

requirements of the Bankruptcy Code and Bankruptcy Rules, and will make additional disclosure

to the Court as required by Bankruptcy Rule 2014(a).  S&C will not charge a markup to the

Debtors with respect to fees billed by any such contract attorney.

    13.  Approval of the proposed engagement of S&C is not prohibited by

Bankruptcy Rule 5002.  I am not related and, to the best of my knowledge, no attorney at the

Firm is related, to the United States Bankruptcy Judge assigned to these chapter 11 cases, or to

the U.S. Trustee.

    14.  To the best of my knowledge, no promises have been received by S&C or

by any partner, of counsel, special counsel or associate thereof as to compensation in connection

with these cases other than in accordance with the provisions of the Bankruptcy Code.  To the

best of my knowledge, no agreement or understanding in any form or guise exists between S&C

and any other person or entity for a division of compensation for services rendered in or in

connection with these cases, and no division of compensation prohibited by section 504 of the

Bankruptcy Code will be made.

### **Specific Disclosures**

15.       Generally, it is S&C's policy to disclose clients in the capacity that they

first appear in a conflicts search.  For example, if a client has already been disclosed in this

Declaration in one capacity (*e.g.*, as a bank), and the client appears in a subsequent conflicts

search in a different capacity (*e.g.*, as a bondholder), S&C will not disclose the same client again

in supplemental declarations, unless the circumstances are such in the latter capacity that

additional disclosure is required.

   A.       Relationships with Creditors and Parties-in-Interest

16.       As disclosed in Schedule 2 attached hereto, S&C has represented, and may

continue to represent, various lenders and other parties-in-interest of the Debtors (and affiliates

of such parties) in matters unrelated to these chapter 11 cases.  Other than as described below in

connection with S&C's representation of Centerra Gold Inc. ("Centerra"), while representing the

Debtors, S&C will not represent any party-in-interest disclosed in Schedule 2 in connection with

these chapter 11 cases.

17.       To the best of my knowledge, none of the entities from the Interested

Parties List (together with their respective affiliates known to S&C) represented one percent

(1%) or more of S&C's revenues for the fiscal year ending December 31, 2020, other than Bank

of Nova Scotia, one of the banks where the Debtors have an account.  S&C has considered the

respective positions of these Current Clients in these chapter 11 cases and concluded that S&C's

representation of the Debtors does not render S&C not disinterested.  It is possible that,

undisclosed to the Debtors, S&C clients hold, or acquire in the future, loans, bonds or other

claims against the Debtors.  I am able to address only those positions or relationships that appear on the Interested Parties List.

18.     S&C also currently represents Centerra.  Centerra is a gold mining company incorporated pursuant to the Canada Business Corporations Act and is the direct parent of, and wholly owns, both of the Debtors.  KGC and KOC are wholly owned and solvent subsidiaries of Centerra.  As discussed in the First Day Declarations, through the illegal Expropriation Event, the Kyrgyz Government has seized control of the local Kyrgyz assets of the Debtors.  On May 14, 2021, the Debtors and Centerra initiated binding arbitration seeking injunctive relief against the Kyrgyz Government based on the illegal Expropriation Event and its related violations and threatened violations of the 2009 agreements and the 2017 agreement. S&C represents Centerra and the Debtors in connection with the arbitration.  The arbitration claims by Centerra and the Debtors against the Kyrgyz Government are entirely consistent and identical.  Additionally, in light of the unique facts and cirumstances surrounding these chapter 11 cases—including, among other things, the overlap of personnel holding positions with both Centerra and one or more of the Debtors who are the only individuals not under the control or influence of the Kyrgyz Government with knowledge and information about the Debtors' business—S&C provides Centerra with updates regarding these chapter 11 cases.

19.     As part of their ordinary course operations, KGC is party to (i) a revolving credit loan agreement and promissory note with Centerra, dated as of November 25, 2014 (the "Loan Agreement") and (ii) a promisorry note with Centerra, dated as of September 15, 2017 (the "Promissory Note" and together with the Loan Agreement, the "Loan Agreements").  Under the Loan Agreements, during the course of the calendar year, monies that are generated through the sale of gold are deposited in the New York Account.  Centerra then borrows money from

-8-

KGC, which amounts are setoff against dividends declared by KGC in favor of Centerra, its sole

shareholder.  As of the Petition Date, the balance of the loan from KGC to Centerra is

approximately $85 million.  In accordance with the Loan Agreements, as a result of the illegal

Expropriation Event, this amount is held in abeyance.  As a result, there is no amount currently

due and owing from Centerra to KGC.

20.    In the event any conflict arises between Centerra and the Debtors in the

arbitration or these chapter 11 cases, including if Centerra provides DIP financing to the Debtors

or any issue arises relating to the Loan Agreement or intercompany liabilities or obligations,

S&C will not represent Centerra in matters related to these chapter 11 cases, and Young

Conaway Stargatt & Taylor, LLP will represent the Debtors, as conflicts counsel, in connection

with such matters, subject to approval of the retention of Young Conaway Stargatt & Taylor,

LLP by the Court.

B.    Relationships with Other Professionals

21.    As part of its practice, S&C appears in cases, proceedings and transactions

involving many different attorneys, accountants, financial consultants and investment banks,

including other professionals representing the Debtors.  In certain instances, professionals

representing the Debtors may be clients of, or opposing counsel to, S&C in matters unrelated to

these chapter 11 cases.  In addition, S&C may have represented, and may continue to represent,

clients that are adverse to clients of the Debtors' professionals in various matters unrelated to

these chapter 11 cases.

22.    From time to time, S&C has referred work to other professionals that the

Debtors propose to retain in these chapter 11 cases.  Likewise, certain such professionals have

referred work to S&C.

## Affirmative Statement of Disinterestedness

23.    Based solely on the conflicts procedures conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (i) S&C is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (ii) S&C does not represent any person or entity having an interest adverse to the Debtors in connection with these chapter 11 cases; (iii) S&C does not hold or represent an interest adverse to the Debtors' estates with respect to matters on which S&C is employed; and (iv) S&C has no connection to the Debtors, their creditors or any other party-in-interest except as disclosed herein.

## Statement Pursuant to U.S. Trustee Guidelines

24.    Pursuant to paragraph D, section 1 of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013, S&C responds to the questions set forth therein as follows:

| | |
|---|---|
| Question: | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response: | Yes.  As discussed herein, S&C does not ordinarily determine its fees solely on the basis of hourly rates.  For the purposes of its engagement by the Debtors, S&C has agreed that it will charge for services performed during these chapter 11 cases, and will apply to the Court for approval of such charges, on the basis of the hourly rates described in this Declaration.  The hourly rates set forth herein are the same or less than the hourly rates used by S&C when preparing estimates of fees under its normal billing practices. In particular, the rates for the more senior timekeepers for each class of personnel represent a discount from the rates used by S&C when preparing estimates of fees under its normal billing practices for non-bankruptcy engagements. |
| Question: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |

Response:        No.

Question:    If you represented the client in the 12 months prepetition, disclose
your billing rates and material financial terms for the prepetition
engagement, including any adjustments during the 12 months
prepetition. If your billing rates and material financial terms have
changed postpetition, explain the difference and the reasons for the
difference.

Response:    S&C performed services for the Debtors and was compensated for
its services at rates that reflect all of the factors prescribed by rule
1.5(a) of the New York Rules of Professional Conduct, including
the firm's contribution to the relevant matter, the responsibility
assumed, the results achieved, the difficulty and complexity of the
matter, the amount involved, the experience of, and demands on,
the lawyers involved and the fees customarily charged for such
matters consistent with S&C's practice for nonbankruptcy
engagements.

Question:    Has your client approved your prospective budget and staffing
plan, and, if so, for what budget period?

Response:    The Debtors have approved S&C's budget and staffing plan for the
period from the Petition Date to June 30, 2021.  If necessary, S&C
expects to submit for approval by the Debtors prospective budgets
and staffing plans for the duration of these chapter 11 cases.

25.       I am authorized to submit this Declaration on behalf of S&C, and if called

upon to testify, I would testify competently to the facts set forth herein.

26.       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Dated:  June 24, 2021
        New York, NY

                                    /s/ James L. Bromley
                                    James L. Bromley
                                    Sullivan & Cromwell LLP

## Schedule 1

**Interested Parties List**

**Banks**
Bank of Nova Scotia
Demir Kyrgyz International Bank (SOM)
HSBC Bank CND
HSBC Bank EURO
HSBC Bank USA
Kyrgyz Investment and Credit Bank
Optima Bank (KGC)

**Customers**
StoneX Financial Inc.

**Directors and Officers**
Anara Otogonova
Aripin Buman
Askar Oskombaev
Bolot Idirisov
Daniel Desjardins
Darren Millman
Dennis Kwong
Deon Badenhorst
Simon Tan

**Insurers**
Ingostrakh

**Debtors and Affiliates**
Kumtor Gold Company
Kumtor Operating Company
AGR S.a.r.l.
AuRico Metals, Inc.
Bethwin Holding Ltd.
CENEX Cooperatief U.A. (80%/20%)
CENEX Holdings B.V
Centerra (Barbados) Inc.
Centerra (U.S.) Inc.
Centerra B.C. Holdings Inc.
Centerra Eurasia GmbH
Centerra Exploration B.V.
Centerra Gold, Inc.
Centerra Luxembourg Holdings S.ar.L.
Centerra Madencilik A.S.

Centerral Gold (KB) Inc.
Cyprus Thompson Creek Mining Company
Geoinformatics Alaska Exploration Inc.
Geoinformatics Explorations Ireland Limited
Langeloth Metallurgical Company LLC
Long Creek Mining Company
Minera Centerra S.A. De C.V.
Oksut Madencilik Sanayi Ve
Thompson Creek Metals Company, Inc.
Thompson Creek Metals Company, USA
Thompson Creek Mining Co.
Thompson Creek Services

**Lessors**
ARCHA CJSC
TAIROVA ALTYNAI
UCHKUN STATE CONCERN

**Professionals - Restructuring**
Stikeman Elliott
Sullivan & Cromwell LLP

**SDNY Bankruptcy Judges**
Chief Judge Cecelia G. Morris
Judge James L. Garrity Jr.
Judge Lisa G. Beckerman
Judge Martin Glenn
Judge Michael E. Wiles
Judge Robert D. Drain
Judge Robert E. Grossman (visiting)
Judge Sean H. Lane
Judge Shelley C. Chapman
Judge Stuart M. Bernstein

**Tax Authorities and Regulators**
CENTRAL TREASURY OF THE
MINISTRY OF FINANCE OF KYRGYZ
REPUBLIC

**Unions and Works Councils**
KGC Trade Union
KOC Trade Union

**UST Employees**
Alicia Leonhard
Christine Black
Guy A. Van Baalen
Joseph Allen
Kathleen Schmitt
Linda Riffkin
Lisa Penpraze
William K. Harrington

**Utilities**
Kyrgyz National Electrical Nets

**Vendors**
AB SOLUTION LLP
ABM AUTO LTD
ADM MACHINERY & SERVICE LLP
AGENCY OF DEVELOPMENT TON
REGION
AGROMIX LLC
AGROSTROY PT LLC
AIKO SEIKO IMPORT LTD
AIKO SEIKO LTD
ALFA OIL LTD
ALGOL DV LLC EURO
ALGOL DV LLC USD
ALLIED SOLUTIONS CEE LTD
ARCHA CJSC
AROIL LIMITED
ASANBEKOVA MEERIM ISAEVNA
(COMP)
ATLAS COPCO AIRPOWER N.V.
AURAMET INTERNATIONAL LLC
AVTOVNESHTRANS
BANK TRANSFER OF SALARY
BARS PLUS SERVICE LTD
BGC ENGINEERING INC
BOLNUR LTD
BONETSKIY A.A. INTELMED PV
BORUSAN MAKINA KAZAKHSTAN FE
LLP
BORUSAN MAKINA KYRGYZSTAN LTD

BRINK'S GLOBAL SERVICES INTERNAT
C.H.ROBINSON PROJECT LOGISTICS L
CENTRAL TREASURY OF MINISTRY OF
CHINA HUNAN KINSUN IMPORT &
EXPO
CHUIELECTROSTROY LLC
CIGNA HEALTH & LIFE INSURANCE CO
CK AGENCIES B.V.
CLUTCHCO INTERNATIONAL INC.
CUMMINS FILTRATION
CUMMINS LLP
DATAMINE INT. LTD BRANCH
MOSKOW
DAYAN TRANS LTD
DNKA LTD
DRILLING COMPANY STALKER LTD
DURHAM GEO SLOPE INDICATOR
ELIT & CO LTD
EPIROC CENTRAL ASIA LLP
EPIROC ROCK DRILLS AB
ESCO BELGIUM S.A.
EURASIAN MACHINERY B.V.
EURASIAN MACHINERY LLP
FACTORY MUTUAL INSURANCE
COMPANY
FAVORIT TRANS LTD
FERRY CAPITAIN
FLSMIDTH (UK) LTD
FLSMIDTH GMBH
FLSMIDTH LLP
FOREMOST INDUSTRIES LP
FORTUNA+ LTD
FUEL COMPANY AZIMUT LLC
FUNDAMENTSTROYARKOS RPA LLC
GAZPROM NEFT ASIA LTD
GETY-OGUZ GARANT LTD
GIDROSPETSSTROY LLP
GIW INDUSTRIES INCORPORATED
GLENCORE TECHNOLOGY PTY LTD
GOLDENMAN PETROLEUM
EQUIPMENT CO
GOLDER ASSOCIATES LTD.
GRIPMAX TYRE CO., LTD

HALLIBURTON INTL GMBH (BRANCH)
HALLIBURTON INT'L GMBH KZ BRANCH
HEAVY MOBILE EQUIPMENT COMP. LTD
HELPER
HRC KG LTD
INDEQ ASIA TCOO
INDEQ JSC
INGOSSTRAH (KYRGYZINSTRAKH JSIC)
INTERTRADE CORPORATION LLP
IP CONSULT (INTERNATIONAL) LTD
ISH LLP
IS-K TER ADM OF THE AGENCY OF AU
JENISHBEKOV DASTAN JENISHBEKOVIC
KAMPA AZYK LTD
KARKYRA SERVIS JV
KAUSTIK JSC
KBM LTD
KOC TRADE UNION
KOC TRADE UNION
KONECRANES DEMAG RUS JSC
KONKOV VITALY VALEREVICH PV
KORUND-CN CLOSED JOINT STOCK COM
KPMG BISHKEK LLC
KROS INC LTD
KROS INC LTD
KUMTOR GOLD COMPANY CJSC
KUMTOR GOLD COMPANY CJSC
KURMENTY TRANS SERVICE LLC
KVAZAR LTD
KYRGYZ TEMIR JOLU GP NK
KYRGYZALTYN FATP OJSC
KYRGYZALTYN OJSC
KYRGYZGIIZ JSC
KYRGYZVZRYVPROM LTD
LEICA GEOSYSTEMS AG
LIEBHERR EXPORT AG - SPARE PARTS
MACHINERY INTERTRADE LIMITED
MACK TRUCKS, INC.
MAXAM KAZAKHSTAN LLP

MCES AB (METSO SWEDEN)
ME ELECMETAL (CHINA) LTD.
MERIDA LTD, USA
MINISTRY OF HEALTH OF THE KR
MINORAT OJSC
MITSUBISHI CORPORATION
MOP FIRMA MAKSAT LTD
MS4M - MINE SENSE SOLUTIONS SAC
MT INDUSTRY LLC
NATIONAL ELECTRICAL NETS KYRGYZS
NATIONAL ELECTRICAL NETS KYRGYZS
Nippon Eirich Co., Ltd.
NORTH-EASTERN (CENTRAL) CUSTOMS
NOV PROCESS & FLOW TECHNOLOGIES
OKKN (KAZNACHEICTVO #1, PERVOMAI
OPTIMA 458
ORICA UK LIMITED
ORICA-KAZAKHSTAN JSC
ORICA-NITRO EXPLOSIVES MANUFACTU
PARTS TRADING COMPANY NV
PATERA HOLDING PTE LTD
PEREKRESTOK AUTOCENTRE LTD
PERIPARTS GROUP INC
PF FOND PODDERZHKI ONKOLOG.SLUZH
PF FOND SOCOALNOGO PARTNERSTVA
PF NATURE DEVELOPMENT FUND
PLAST INVEST PRODUCTION LLP
PLASTIC CARDS SALARY
PLATFORMA SERVICE LTD
POZITIV STREAM LLP
PROFESSIONAL LLC
PROMYSHLENNAYA HIMIYA  LLC
PURVES REDMOND LIMITED
R.C. MOFFATT SUPPLY LIMITED
REUTECH RADAR SYSTEMS A DIV. OF
RIMEX SUPPLY LTD.

SANATORI AVRORA UD PKR
SANATORIUM KYRGYZSKOE
VZMORYE
SANDVIK MINING AND
CONSTRUCTION
SANDVIK MINING&CONSTRUCTION
USA
SARATOVORGSINTEZ LLC
SARUU TRANS LTD
SATRA INTERNATIONAL HOLDINGS
LLC
SDL UGO LTD.
SEQUENT (UK) LIMITED AS TRUSTEE
SOCIAL FUND
SOCIAL FUND
SRK CONSULTING KZ LTD
SSAB EMEA AB
STEWART ASSAY AND
ENVIRONMENTAL
STROI COMPLEKT MONTAZH LTD
STROY BUSINESS GROUP LLC
TARYLGA SERVICE LTD
TAZA JOL SERVIS MUNIC.ENTERPRISE
TH AKKA-RK LLP
THERMON CANADA INC.
THRANE TEKNIKK ZAO
TOO INTERNATIONAL ALMATY
TOO OLIMP ICC
TOO TALAS INVESTMENT COMPANY
TRADING HOUSE URALCHEM, LLC
TRANSFER BISHKEK GOLD
TRANSITYRE BV MICHELIN EXPORT
FA
TRAVEL VISION
UCHKUN STATE CONCERN
UNIOIL TRANZIT LLP
URUMQI ALTYN MINING SERVICES
LTD
USUBALIEV KYLYCHBEK
SADYGALIEV P
VALERIN TECHNOLOGIES LTD.
VALLEN CANADA INC
VIRAIS LTD
VULKAN PLUS LLC

VULKAN PLUS LTD
VZRYVPROM TECHNOLOGY LTD
WEG ELECTRIC CIS
WUXI LEES POWER COMPANY LTD
XINJIANG HENGHUA TRADE CO., LTD
XYLEM WATER SOLUTIONS AB
(GODWIN
XYLEM WATER SOLUTIONS SWEDEN
AB
YLHS (HONG KONG) CO. LIMITED
YSYK-KOL RESOURCE LTD
ZAVOD BUROVOGO OBRUDOVANIYA
OJS
ZAVOD PSM LLC
ZHOLDOSHBEKOV ELAMAN
ZHOLDOSHBEK
ZIRAX LLC

## **Schedule 2**

**Current S&C Clients**

| Entity | Relationship to Debtors | S&C relationship |
|---|---|---|
| AGR S.a.r.L. | Non-debtor affiliate | Parent is current client. |
| AuRico Metals, Inc. | Non-debtor affiliate | Parent is current client. |
| Bank of Nova Scotia | Banks | Entity is current client |
| Bethwin Holding Ltd. | Non-debtor affiliate | Parent is current entity. |
| CENEX Cooperatief U.A. | Non-debtor affiliate | Parent is current client. |
| CENEX Holdings B.V. | Non-debtor affiliate | Parent is current client. |
| Centerra (Barbados) Inc. | Non-debtor affiliate | Parent is current client. |
| Centerra (U.S.) Inc. | Non-debtor affiliate | Parent is current client. |
| Centerra B.C. Holdings Inc. | Non-debtor affiliate | Parent is current client. |
| Centerra Eurasia GmbH | Non-debtor affiliate | Parent is current client. |
| Centerra Exploration B.V. | Non-debtor affiliate | Parent is current client. |
| Centerra Gold (KB) Inc. | Non-debtor affiliate | Parent is current client. |
| Centerra Gold, Inc. | Non-debtor affiliate | Entity is current client. |
| Centerra Luxembourg Holdings S.a.r.L. | Non-debtor affiliate | Parent is current client. |
| Centerra Madencilik A.S. | Non-debtor affiliate | Parent is current client. |
| Cyprus Thompson Creek Mining Company | Non-debtor affiliate | Parent is current client. |
| Geoinformatics Alaska Exploration Inc. | Non-debtor affiliate | Parent is current client. |
| Geoinformatics Explorations Ireland Limited | Non-debtor affiliate | Parent is current client. |
| Glencore Holdings PTY | Vendor | Affiliate is current client. |
| Glencore Technology Pty Ltd | Vendor | Affiliate is current client. |
| HSBC Bank CND | Banks | Parent is current client. |
| HSBC Bank Euro | Banks | Parent is current client. |
| HSBC Bank USA | Banks | Entity is current client. |
| HSBC Holdings Plc | Banks | Entity is current client. |
| Langeloth Metallurgical Company LLC | Non-debtor affiliate | Parent is current client. |
| Long Creek Mining Company | Non-debtor affiliate | Parent is current client. |
| Minera Centerra S.A. De C.V. | Non-debtor affiliate | Parent is current client. |
| Mitsubishi Corporation | Vendor | Affiliate is current client. |
| Oksut Madencilik Sanayi VE | Non-debtor affiliate | Parent is current client. |
| Thompson Creek Metals Company, Inc. | Non-debtor affiliate | Parent is current client. |
| Thompson Creek Metals Company, USA | Non-debtor affiliate | Parent is current client. |

| Entity | Relationship to Debtors | S&C relationship |
|---|---|---|
| Thompson Creek Mining Co. | Non-debtor affiliate | Parent is current client. |
| Thompson Creek Services | Non-debtor affiliate | Parent is current client. |
| Weir Group PLC | Vendor | Entity is current client. |

4818-4412-9517 v.4

**<u>Schedule 3</u>**

**Former S&C Clients**

4818-4412-9517 v.4

None